UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IVORY FRANKLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-10919** |
| **DARRYL VANNOY, WARDEN** | **SECTION "R" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Ivory Franklin ("Franklin"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On April 23, 2009, Franklin was indicted by a Grand Jury in Jefferson Parish for the second degree murder of Marcel Cotton.[3] He entered a plea of not guilty to the charge on May 8, 2009.[4]

The record reflects that, on the morning of September 14, 2004, Franklin was picked up by his friend, Steven Thomas, and the two men returned to Thomas's apartment on Alex Korman

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 9, Indictment, 4/23/09; Grand Jury Return, 4/23/09.

[4]St. Rec. Vol. 1 of 9, Minute Entry, 5/8/09.

Boulevard on the westbank of Jefferson Parish.[5]  Franklin and Thomas began drinking alcoholic beverages that morning.  Throughout the day, numerous other people were with them in the apartment and the area around the apartment.  Later in the day, Franklin and other men played "Play Station" games in the apartment.  At some point that night, an argument broke out between Franklin and the victim, Marcel Cotton, over who had won a Play Station game.  Cotton hit Franklin with a rock and soon, two other men separated them, one of whom had a gun.  Franklin drove away from the scene, and Cotton remained there and came into possession of a gun.  A second altercation occurred between Franklin and Cotton when Franklin returned to the area armed with at least one gun, maybe two, followed by another man with a gun.  At least one person saw Franklin fire one warning shot and called out to Cotton.  After that, several shots were fired.

Cotton was shot at least 12 times with at least seventeen (17) wounds including entrance and exit wounds.  He suffered several shots that entered through his back and out of his chest which were received while he was either bent over or lying down.  Franklin was wounded in the arm, wrist and ankle.  Franklin's DNA was found on at least two of the weapons recovered by police including a .357 magnum Taurus that had expended five shots and matched a bullet fragment found near the victim's body.

Franklin was tried before a jury on November 16 through 19, 2009, and found guilty as charged.[6]  At a hearing held on December 3, 2009, the Trial Court denied Franklin's motion for a

---

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal.  *State v. Franklin*, 87 So.3d 860, 863-870 (La. App. 5th Cir. 2011); St. Rec. Vol. 1 of 9, 5th Cir. Opinion, 11-KA-216, 12/28/11; St. Rec. Vol. 2 of 9, 5th Cir. Opinion (continued), 11-KA-216, 12/28/11.

[6]St. Rec. Vol. 1 of 9, Trial Minutes, 11/16/09; Trial Minutes, 11/17/09; Trial Minutes, 11/18/09; Trial Minutes, 11/19/09; Jury Verdict, 11/19/09; St. Rec. Vol. 4 of 9, Trial Transcript, 11/16/09; Trial Transcript, 11/17/09; St. Rec. Vol. 5 of 9, Trial Transcript, 11/18/09; St. Rec. Vol. 6 of 9, Trial Transcript (continued), 11/18/09; Trial Transcript, 11/19/09.

new trial and judgment notwithstanding the verdict.[7] The Trial Court sentenced Franklin on December 15, 2009, to serve life in prison without benefit of parole, probation, or suspension of sentence.[8] The Court also denied Franklin's motion to reconsider the sentence.[9]

On direct appeal to the Louisiana Fifth Circuit, Franklin's appointed counsel raised the following errors:[10] (1) the evidence was insufficient to support the verdict because the evidence showed the shooting was committed in self-defense; (2) the state trial court erred when it refused to charge the jury with the standard charge on self-defense and justification; (3) the state trial court erred when it refused to charge the jury with the requested special charge on self-defense and justification; (4) the evidence was insufficient to support the verdict because at best it proved manslaughter; and (5) the state trial court erred when it excluded documentary evidence fundamental to the defense. The Court affirmed the conviction and sentence finding no merit in the claims raised.[11]

The Louisiana Supreme Court denied Franklin's *pro se* writ application without stated reasons on September 12, 2012.[12] Under federal habeas law, Franklin's conviction and sentence became final ninety (90) days later, on December 11, 2012, because he did not file an application for writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513

---

[7]St. Rec. Vol. 1 of 9, Hearing Minutes, 12/3/09; Motion for New Trial, 12/2/09; St. Rec. Vol. 6 of 9, Hearing Transcript, 12/3/09.

[8]St. Rec. Vol. 1 of 9, Sentencing Minutes, 12/15/09; St. Rec. Vol. 6 of 9, Sentencing Transcript, 12/15/09.

[9]St. Rec. Vol. 1 of 9, Sentencing Minutes, 12/15/09; Motion to Reconsider Sentence, 12/2/09.

[10]St. Rec. Vol. 6 of 9, Appeal Brief, 11-KA-0216, 4/14/11.

[11]*State v. Franklin*, 87 So.3d 860, 863-870 (La. App. 5th Cir. 2011); St. Rec. Vol. 1 of 9, 5th Cir. Opinion, 11-KA-216, 12/28/11; St. Rec. Vol. 2 of 9, 5th Cir. Opinion (continued), 11-KA-216, 12/28/11
[12]*State ex rel. Franklin v. State*, 98 So.3d 811 (La. 2012); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2012-KH-0337, 9/12/12; St. Rec. Vol. 7 of 9, La. S. Ct. Writ Application, 12-KH-337, 2/6/12 (postmarked 2/2/12, mail request dated 1/27/12).

(5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

Almost eleven months later, on November 7, 2013, Franklin's counsel filed an application for post-conviction relief with the state trial court asserting the following grounds for relief:[13] (1) ineffective assistance of counsel at trial when he did not fully question the defense's investigator, failure to call as defense witnesses Benjamin Day and Ernest Houston; and (2) actual innocence where the affidavits of Day and Houston contradict the State's evidence. After receiving additional briefing from the parties, on June 9, 2014, the Trial Court denied the application finding that no merit in either claim.[14]

Relying on the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and related state case law, the Court concluded that counsel's decisions on which witnesses to present and how to question those witnesses was within the ambit of sound trial strategy. The Court also noted that Day's affidavit was unreliable, not notarized and otherwise cumulative of other evidence rendering him an unnecessary witness. As for Houston's belated affidavit, the Court concluded that it confessed that he only witnessed the aftermath of the initial shooting and his reluctance to come forward to testify, thereby establishing why he was not available at trial. The Court also resolved that actual innocence was not a free-standing claim under Louisiana law. The Court also reasoned that, because Franklin's defense was one of self-defense or justification, his defenses would be one of legal innocence not a factual one.

---

[13]St. Rec. Vol. 2 of 9, Application for Post-Conviction Relief, 11/7/13; Memorandum in Support, 11/7/13.

[14]St. Rec. Vol. 2 of 9, Trial Court Order, 6/9/14; State's Opposition, 4/14/14; Traverse, 5/9/14; Trial Court Order, 11/13/14.

The Louisiana Fifth Circuit denied Franklin's related writ application on October 15, 2014, for reasons similar to those given by the Trial Court.[15] On December 7, 2015, the Louisiana Supreme Court declined to consider Franklin's subsequent writ application indicating that it was not timely filed under La. S. Ct. Rule X§5.[16] The Court also denied his request for reconsideration.[17]

In the meantime, on November 26, 2014, Franklin filed a motion in the state trial court requesting that the bullet be removed from his body and tested as evidence to support a motion for a new trial.[18] The Trial Court denied the motion finding no legal basis in support.[19] Franklin filed a notice of intent to seek review, but the record does not reflect that he did so.[20]

## II. Federal Habeas Petition

On June 27, 2016, after correction of certain deficiencies, the clerk of this Court filed Franklin's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[21] (1) trial counsel was ineffective for failure to utilize the investigator Eddie Gai as a witness and for failure to locate and call corroborating defense witnesses to testify on the petitioner's

---

[15]St. Rec. Vol. 2 of 4, 5th Cir. Order, 14-KH-606, 10/15/14; St. Rec. Vol. 7 of 9, 5th Cir. Writ Application, 14-KH-606, 8/12/14 (dated 8/9/14).

[16]*State ex rel. Franklin v. State*, 98 So.2d 811 (La. 2015); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2014-KH-2642, 12/7/15; La. S. Ct. Letter, 2014-KH-2642, 12/18/14; St. Rec. Vol. 7 of 9, La. S. Ct. Writ Application, 14-KH-2642, 12/18/14 (delivered by hand).

[17]*State ex rel. Franklin v. State*, 190 So.2d 1198 (La. 2016); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2014-KH-2642, 3/26/16; St. Rec. Vol. 7 of 9, La. S. Ct. Motion for Reconsideration, 14-KH-2642, 1/19/16 (dated 1/17/16).

[18]St. Rec. Vol. 2 of 9, Motion to Have Bullet Removed, 11/26/14 (dated 11/26/14).

[19]St. Rec. Vol. 2 of 9, Trial Court Order, 12/2/14.

[20]St. Rec. Vol. 2 of 9, Notice of Appeal, 12/29/14; Trial Court Order, 1/6/15.

[21]Rec. Doc. No. 3, 11.

behalf; and (2) petition is actually innocent. The State filed a response in opposition to the petition asserting that the petition was not timely filed.[22]

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to this petition, which was filed on Franklin's behalf on June 13, 2016.[24] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[22]Rec. Doc. No. 14.

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24]A "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted by mail to the federal courts by prisoners acting pro se. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk's Office records reflect that Franklin's original petition was hand delivered to the Court on Franklin's behalf on June 13, 2016. The federal "mailbox rule" does not apply to a petition unless it is mailed by the prisoner through the prison mail system. *See*, *e.g.*, *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (prisoner's "use of an unknown agent does not trigger the *Houston [v. Lack*, 487 U.S. 266 (1988),] exception that is limited to filings with prison officials, over whom a prisoner has no control."); *Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in *Houston* does not apply where a pro se prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk."); *Llovera v. Florida*, No. 13-859, 2013 WL 5468256, at *3 n.2 (D.S.C. Sep. 30, 2013) ("mailbox rule" did not apply to filing where "there [was] nothing on the envelope to indicate mailing from a place of confinement."); *Pearson v. Vaugh*, 984 F. Supp. 315, 317 (E.D. Pa. 1997) ("mailbox rule" is inapplicable when prisoner decides to send his complaint to a third party for filing, because the prison is no longer responsible for any delays in filing).

The State contends and the record confirms that Franklin's petition was not timely filed under the AEDPA. For the reasons that follow, Franklin's petition should be dismissed as time barred.

## IV.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[25]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Franklin's conviction was final under federal law on December 11, 2012. Pursuant to § 2244, Franklin had one year from that date, or December 11, 2013, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Franklin's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.     Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning

---

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being

8

raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on December 12, 2012, the day after Franklin's conviction and sentence were final under federal law. The one-year AEDPA filing period continued to run from that date until November 7, 2013, when Franklin's counsel filed an application for post-conviction relief in the state trial court. At that point, 330 days of the one-year filing period had passed without interruption. The application remained pending until November 14, 2014, which was thirty days after the Louisiana Fifth Circuit denied Franklin's writ application, and he did not timely seek review in the Louisiana Supreme Court.

The record reflects that Franklin submitted a writ application to the Louisiana Supreme Court by hand delivery on December 18, 2014, and the court declined to consider the application as untimely filed under La. S. Ct. Rule X§5, which allows thirty days from the appellate court ruling for a petitioner to file or postmark a writ application to that court. A writ application which fails to comply with La. S. Ct. Rule X § 5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. *Butler v. Cain*, 533 F.3d 314, 318-319 (5th Cir. 2008); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same). The United States Supreme Court has made clear that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey*, 536 U.S. at 226). The petitioner's Louisiana Supreme Court writ application did not interrupt or toll the AEDPA filing period.

Thus, the AEDPA one-year filing period began to run again on November 15, 2014, and did so uninterrupted for the remaining thirty-five days, or until December 19, 2014, when it expired. Franklin had no properly filed state application for post-conviction or other collateral review pending during that time.[26]

Franklin did not filed his federal petition until June 13, 2016, which was almost one and one-half years after the AEDPA filing period expired. Thus, Franklin's federal petition was not timely filed.

### B.     No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters);

---

[26]The motion to have the bullet removed from his body was not a post-conviction application or other collateral review as defined above.

*Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Franklin has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that the petitioner did not timely pursue federal habeas relief. There is no basis for equitable tolling in this case.

Thus, Franklin's federal petition filed on June 13, 2016, which was over one and one-half years after the AEDPA filing period expired on December 19, 2014, was not timely filed in this Court and must be dismissed for that reason.

### C.       No Other Exception to the Limitations Period Exists

Franklin did not respond to the State's limitations defense and offered no direct reasons for the Court to excuse his untimely filing. Nevertheless, considering the claims of ineffective assistance of counsel and actual innocence asserted in Franklin's federal petition, the record fails to present any other basis to excuse his failure to timely file this federal petition. These claims do not provide an excuse for his failure to meet the AEDPA timeliness requirement for the reasons that follow.

#### 1.       *Martinez* is Not Applicable Here

Franklin is not entitled to excuse his untimely filed federal petition based on his assertion of claims of ineffective assistance of trial counsel. The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1, __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide a basis for review of this underlined untimely filed federal petition or his ineffective assistance of trial counsel claim.

In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). The bar to review at issue in this case arises from petitioner's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.");

*Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). For these reasons, neither *Martinez* nor *Trevino* provide Franklin a basis for relief from the failure to meet the AEDPA's limitations period.

## 2. **No Actual Innocence Exception**

As the State addresses, Franklin has urged as one of his claims that he is actually innocent of the crime, referencing only the affidavits of Day and Houston as evidence that he did not have a gun or was not the aggressor in the incident. However, for the reasons that follow, Franklin does not reference any new and reliable evidence of his factual innocence that could be considered to excuse the AEDPA's statute of limitations.

As an initial matter, the United States Supreme Court has **not** recognized a free-standing claim of actual innocence on federal habeas review. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)). The Court instead has recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim. *McQuiggin*, 133 S. Ct. at 1931. Franklin's claim, however, fails to meet the new and credible threshold showing of his actual innocence to excuse his untimely filing under the AEDPA.

In *McQuiggin*, the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 1928. In recognizing the stringent standards of this exception to § 2244(d), the Supreme Court held that " [t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In addition, the actual innocence gateway should open only when the "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial." *Id.* at 1936 (citation omitted). The Court must consider "the probative force of relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28. "It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329.

A petitioner must show factual innocence through the presentation of "<u>new reliable</u> evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324 (emphasis added); *see Stroman v. Thaler*, 405 F. App'x 933, 934-35 (5th Cir. 2010). The United States Fifth Circuit Court of Appeals has held that evidence is "not 'new' [when] it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008). The *Schlup* decision, however, did not require that the evidence be recently discovered, only that it be reliable and not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015) (citing *Schlup*, 513 U.S. at 324).

A petitioner's delay in presenting new but previously known or discoverable evidence is relevant to the credibility of the actual innocence claim and "as part of the assessment whether actual innocence has been convincingly shown." *McQuiggin*, 133 S. Ct. at 1935-36. The Supreme Court has made clear that "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of ... evidence [of actual innocence]." *Schlup*, 513 U.S. at 332; *McQuiggin*, 133 S. Ct. at 1935; *see also*, *House v. Bell*, 547 U.S. 518, 537 (2006). The *McQuiggin* opinion was clear that "[t]he timing of such a petition, however, should seriously undermine the credibility of the actual-innocence claim." 133 S. Ct. at 1936.

In this case and under these standards, Franklin has not referenced or presented any <u>reliable</u> new evidence of his factual innocence or any evidence that would convince a court that no juror would have found him guilty. *Accord*, *Golmon v. Director, TDJC-CID*, No. 13CV325, 2013 WL 3724838, at *1 (E.D. Tex. Jul. 15, 2013). His contentions in support of his actual innocence claim are part of the same defense evidence he had at trial and already considered by the jury.

As an initial matter, the purported affidavit of Houston is not that of an eyewitness to the shooting. Houston indicates that he did not look out of his window until after the first volley of gunfire. His testimony is cumulative of the testimony of other State and defense witnesses who testified at trial. Some of that testimony will be discussed in the following paragraphs.

As also revealed in the pleadings, the information and proposed statement of Day was in the possession of Franklin's trial counsel before trial, and his counsel apparently chose not to call Day to the stand. While Franklin can speculate as to why Day was not called, it is clear that the undated, purported affidavit of Day he presents here bears no indicia of reliability as it is not properly notarized or otherwise verified in accordance with law. Like Houston's statement, it also

15

provides no new evidence or information about the shooting incident that would have convinced a juror that he was not guilty.

Day's statements, like those of Houston, are cumulative of the testimony presented at trial and considered by the jury. For example, Rocquel Smith testified for the defense that Franklin was not carrying a weapon and that the victim and his friends were the instigators of the shooting incident. She also testified that the victim and his friends were the only ones shooting. Based on the verdict, the jury did not find this to be credible. Franklin cannot establish that the jurors would have been swayed differently had Day also testified.

In addition, the contentions of both Houston and Day conflict with Franklin's own testimony that he in fact had a weapon that he fired at the victim. As the State courts have referenced, Franklin testified at trial that he took the .357 magnum from someone else and fired it at the victim, because he felt he was being attacked. He also testified that he dropped the gun and walked off down the street after he was shot, which was confirmed by the State's witness testimony and police evidence. Houston's statement would have been repetitive of this. In addition, the representations of Day and Houston, that Franklin was unarmed and did not shoot at the victim, are and would have been wholly inconsistent with Franklin's contentions at trial and on direct appeal that his actions were justified and done in self-defense, which was his proffered legal grounds for innocence.

The jury apparently did not find the information provided by Smith (Franklin was not armed or the aggressor) or Franklin (he was not the aggressor) at trial to be credible. There is nothing presented here to establish that no juror would have found Franklin guilty based on Day's or Houston's similar contentions. "One more contradictory story would not have compelled jurors to find [petitioner] not guilty." *Vega v. Johnson*, 149 F.3d 354, 364 (5th Cir. 1998).

Franklin simply has not presented any new, reliable facts or evidence to meet the exception described under the *McQuiggin* standards. Franklin's assertion of actual innocence is insufficient to overcome the statute of limitations and the bar to review of his federal claims. His untimely filed federal petition must be dismissed.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Ivory Franklin's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 29th day of June, 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.